# IN THE COURT OF APPEALS OF IOWA

No. 20-1164
Filed November 4, 2020

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**K.R., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William Owens, Associate Juvenile Judge.

A mother appeals a child-in-need-of-assistance adjudication. **AFFIRMED IN PART AND REVERSED IN PART.**

Jonathan Willier, Centerville, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Debra George of Griffing & George Law Firm, P.L.C., Centerville, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

A mother appeals the order adjudicating her child in need of assistance (CINA) and the subsequent dispositional order.[1]  We affirm the CINA adjudication under Iowa Code section 232.2(6)(c)(2) (2020), but reverse the adjudication under section 232.2(6)(n).

On March 15, 2020, the mother went to the emergency room when a bad tooth made her face swell.  The treating physician noticed multiple cavities and suspected methamphetamine use.  Upon discovering she had a child, the physician ordered a drug screen.  The drug screen detected methamphetamine and amphetamines in the mother's system, and the physician reported the results to the department of human services (DHS).[2]  The mother stated the child was staying with the maternal grandmother for the weekend.

A DHS worker met with the mother and child at their home the next day. The interaction occurred through a screen door, but the worker "didn't get any physical indicators of meth use."  The worker observed the child to be "well dressed, clean and healthy" and was able to engage and answer the worker's questions.  The mother refused access to her home and would not agree to develop a safety plan at that time.  After the initial visit, the worker did not speak with the mother or child for some time.  The child's father indicated to the worker

---

[1] *See In re Long*, 313 N.W.2d 473, 477 (Iowa 1981) (concluding a pre-dispositional order for adjudication is not a final order appealable as a matter of right).

[2] The mother contends she only had blood drawn, and she did not provide a specimen for a urinalysis test.  The records submitted only show blood draws, but the toxicology results indicate a urine screen.

he had seen the mother under the influence of methamphetamine.[3] The investigation resulted in a founded child-abuse assessment by DHS. The child remained in the mother's care.

On July 9, the court adjudicated the child a CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (n). The mother began to work with DHS, and the DHS worker noted the strong bond between mother and child, the mother's good parenting skills, and her extensive support system. The mother discussed her prior methamphetamine and alcohol use and willingness to work on her areas of need.[4] The mother allowed the DHS worker to examine her home and a safety plan was developed.

Following a dispositional hearing on August 27, the court confirmed the CINA adjudication and continued placement with the mother. The mother appeals.

"We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "[T]he State bears the burden of proving its allegations by clear and convincing evidence." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). Our primary concern is the child's best interests. *Id.* We may look to the parent's past performance as an indication of the quality of care that may be provided in the future. *Id.*

To adjudicate the child in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2), the State must show the child "has suffered or is imminently likely

---

[3] When testifying at the adjudication hearing, the father changed this statement, saying others had told him she was under the influence but he had not personally observed anything to make him think she was using methamphetamine.

[4] The family was previously involved with DHS in 2012 when the mother tested positive for methamphetamine at the child's birth and the mother successfully completed treatment. The mother also admitted a brief relapse in 2018.

to suffer harmful effects as a result of" the parent failing to exercise a reasonable degree of care in supervising the child. Harmful effects under 232.2(6)(c)(2) "pertain[ ] to the physical, mental or social welfare of a child" and are "established when there was harm to a child's physical, mental, or social well-being or such harm was imminently likely to occur." *J.S.*, 846 N.W.2d at 41–42. In the CINA context, we liberally interpret the phrase "imminently likely" and do not require a showing that the harm "be on the verge of happening" before adjudication. *L.H.*, 904 N.W.2d at 151 (citation omitted). However, the supreme court has found general statements about addiction are not enough to prove imminent harm to the child under section 232.6(b) (requiring imminent risk of physical abuse or neglect). *J.S.*, 846 N.W.2d at 42.

The mother has a history of both using drugs and the ability to stay sober in the community. The juvenile court found the mother "tested positive for methamphetamine, and was either a caretaker for [the child] at that time or shortly thereafter" and noted the length of time the drug remains in a person's system. The court noted the physician's testimony that "the waning effects of use could impact a user's ability to adequately and safely parent a child." The mother, the child's only caretaker in the home, then refused to develop a safety plan for the child. While some of these concerns may have been alleviated since the adjudication, clear and convincing evidence supports the juvenile court's CINA adjudication under section 232.2(6)(c)(2). We affirm under section 232.2(6)(c)(2).

A CINA adjudication under section 232.2(6)(n) requires a finding the "parent's . . . mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." The testimony that a known effect

of the drug "could impact a user's ability to adequately and safely parent a child" is not evidence that the child did not receive adequate care. *See In re M.S.*, 889 N.W.2d 675, 682 (Iowa Ct. App. 2016). This record fails to establish the child did not receive adequate care and so is not sufficient to sustain the adjudication under section 232.2(6)(n). We reverse this ground for adjudication.

**AFFIRMED IN PART AND REVERSED IN PART.**